FILED
10/7/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

AXK

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | 1:25-cr-00651 |
| | ) | Judge John F. Kness |
| | ) No. | Magistrate Judge Jeannice W. Appenteng |
| v. | ) | RANDOM / Cat. 3 |
| | ) | Violations: Title 18, United States |
| TYRONE COLEMAN | ) | Sections 1001(a)(2) and 1343 |
| | ) | |
| | ) | |

**COUNT ONE**

The SPECIAL MAY 2024 GRAND JURY charges:

1. At times material to this Indictment:

   a. The United States Department of Housing and Urban Development ("HUD") was an executive department of the United States government, which administered housing assistance. HUD administered housing assistance through, among other things, funding and regulating state and local entities known as public housing agencies (PHAs), which administered the housing assistance programs.

   b. The Chicago Housing Authority (CHA) was the PHA in Chicago, Illinois, charged with administering HUD housing assistance in the Chicago area. The CHA performed this function in several ways, including its ownership of residential properties that rented individual units to those qualified to receive such housing assistance ("Public Housing Program"). For the Public Housing Program, the CHA was the landlord and HUD provided a certain amount of funds to the CHA per unit.

c. To participate in the Public Housing Program, applicants were required to complete and sign an application which required them to disclose their income and certify their economic eligibility. Applicants approved for the Public Housing Program became recipients and were required to recertify their economic eligibility for assistance and report any income approximately annually, by completing an Application for Continued Occupancy ("ACO"). Information about the applicant's income was material to the CHA's determination of an applicant's eligibility to participate in the program.

i. The ACO required recipients to disclose all income, to certify that the information provided was accurate and complete to the best of their knowledge and belief, and to acknowledge that false statements or information were punishable under federal law. The ACO warned applicants and recipients that Title 18, United States Code, Section 1001, states that a person who knowingly and willfully makes false and fraudulent statements to any department or agency of the United States Government is guilty of a felony.

ii. Public Housing Program recipients who claimed zero income were required to fill out a Zero Income Affidavit on initial application and at each recertification in addition to the ACO. In the Zero Income Affidavit, the Public Housing Program recipient affirmed that they have not received any income since the date of the prior recertification, and that they are unemployed and do not receive any type of income, including wages, salaries or tips. Recipients of the Public Housing

Program who claimed zero income were required to report any income to the CHA immediately rather than waiting for the next recertification.

      d.    Defendant TYRONE COLEMAN was a CHA resident participating in the Public Housing Program as a zero- income recipient starting on or about December 12, 1994 and continuing to at least June 11, 2022, requiring recertification annually and requiring further that COLEMAN, as a zero-income recipient, report any change in income to the CHA within 30 days.

      e.    Starting on or about December 12, 1994 and continuing to the present, the CHA provided COLEMAN with housing assistance in the form of a residential unit at a CHA-owned building, with a subsidized monthly rent rate.

      f.    Between on or about March 1, 2016 and continuing until on or about June 11, 2022, COLEMAN was employed full-time as a hoisting engineer with the City of Chicago Department of Water Management (DWM), receiving income in the form of a salary plus payments for overtime work, plus disability-related payments, from on or about December 2, 2021 until on or about June 9, 2022.

      g.    From in or around no later than late 2022 through at least September 2025, COLEMAN earned and received intermittent income from periodic employment and contracting work.

2.  Beginning on or about March 1, 2016, and continuing through at least in or around September 2025, in the Northern District of Illinois, Eastern Division, and elsewhere,

TYRONE COLEMAN,

defendant herein, knowingly devised, intended to devise, and participated in a scheme to defraud, and to obtain money and funds owned by and under the custody and control of, HUD and the CHA, by means of materially false and fraudulent pretenses, representations and promises, as further described below.

3.  It was part of the scheme that COLEMAN failed to report his income from his employment with the City of Chicago and other employers to the CHA.

4.  It was part of the scheme that COLEMAN signed and submitted to the CHA ACOs for recertification for housing assistance eligibility which purported to list all of his income, but in which he knowingly failed to report any income, including his income from the City of Chicago.

5.  It was further part of the scheme that COLEMAN signed and submitted to the CHA Zero Income Affidavits for recertification for housing assistance eligibility, affirming that he did not have or receive any income, on which he knowingly failed to report his income, including his income from the City of Chicago.

6.  It was further part of the scheme that on or about March 9, 2022, COLEMAN signed and submitted to the CHA a Request for a Hardship Exemption From Minimum Rent, in which COLEMAN stated that he will be evicted as a result of being unable to pay the minimum rent payment of approximately $75.00 with a

4

utility credit of approximately $41.00 due to financial hardship, causing the CHA to waive his minimum rent payment.

7. It was further part of the scheme that COLEMAN stopped paying amounts due to the CHA after September 2019.

8. It was further part of the scheme that defendant misrepresented, concealed, and hid, and caused to be misrepresented, concealed, and hidden, the existence of the scheme, the purpose of the scheme, and acts done in furtherance of the scheme.

9. On or about May 7, 2022, in the Northern District of Illinois, Eastern Division, and elsewhere,

TYRONE COLEMAN,

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, an interstate wire transmission from CHA to HUD of a report of defendant's Application for Continued Occupancy, dated March 9, 2022, falsely stating that defendant had no wages, salaries, tips, fees or commissions from any employer;

In violation of Title 18, United States Code, Section 1343.

## COUNT TWO

The SPECIAL MAY 2024 GRAND JURY further charges:

1. The allegations of paragraphs 1 of Count One are incorporated here.

2. On or about March 9, 2022 at Chicago, in the Northern District of Illinois, Eastern Division,

TYRONE COLEMAN,

defendant herein, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, when he stated in substance, in both his Application for Continuing Occupancy and his Zero Income Affidavit, that he did not have or receive any income;

In violation of Title 18, United States Code, Section 1001(a)(2).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY